UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JAMES W. FOWLER CO., an Oregon corporation,<br><br>            Plaintiff,<br><br>      v.<br><br>ACE AMERICAN INSURANCE COMPANY, a Pennsylvania corporation,<br><br>            Defendant. | Case No. C04-5400FDB<br><br>ORDER DENYING MOTION TO EXTEND TRIAL DATE |

     Defendant ACE American Insurance moves to continue the trial date in this matter because although acting with due diligence to meet the Court's current timetable, Defendant's trial counsel has had conflicts arise since the Joint Status Report and could not foresee the document-intensive nature of this case and the difficulties that would be encountered in obtaining discovery from multiple, out-of-state third-party fact witnesses. Defendant also cites the voluminous discovery responses received in this cause of action involving "relatively complicated coverage issues arising from the construction of a large civic project, the Spanaway Loop Bypass in Pierce County." [Def. Reply, Coplen Decl.] The voluminous documents span multiple contractors' efforts on the same construction site from 1997 to 2004. [Coplen Decl., Sotirhos Decl.]

ORDER - 1

Plaintiff Fowler opposes any continuance of the trial date, having already agreed to continued certain pretrial dates. Fowler points out that in the Joint Status Report filed on November 11, 2004, no conflicts were noted for October 2005. Fowler also contends that even if the conflicting trial dates were schedule after Fowler's trial date was scheduled, ACE's counsel should have taken steps to avoid scheduling other trials where it knew it was already committed to the October 31, 2005 trial date in this case. Fowler also notes that ACE is represented by Seattle counsel as well as Los Angeles counsel and that four months in which to "get up to speed" for trial of this case should be sufficient. Fowler objects to any further delay on their claims, the first of which occurred in December 2002 and the second in June 2003. A claim was filed in May 2003, which ACE denied about a year later. This case was originally set for expedited trial in December 2004, but the cause of action was removed.

Having considered the parties' contentions and being familiar with the record in this case, the Court declines to continue the trial date, which it is noted was a date suggested by ACE. While ACE's counsel may have other cases pending, once the trial date in this case was set according to the parties' schedules, subsequent scheduling issues that arise in other cases should be determined with this case's schedule in mind.

ACCORDINGLY, IT IS ORDERED: Defendant's Motion To Extend Trial Date [Dkt. # 27] is DENIED.

DATED this 12th day of July 2005.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 2